**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERTO SANDOVAL, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:05-CR-0324-CAP-JFK-4 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:16-CV-1512-CAP-JFK |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant, Roberto Sandoval, who is incarcerated in the Big Sandy United States Penitentiary in Inez, Kentucky, has filed a 28 U.S.C. § 2255 motion that challenges his convictions and sentences entered in this district under the above criminal docket number. (Second Mot. to Vacate at 12, ECF No. 1508). Movant classifies his motion as a first § 2255 motion and as a 28 U.S.C. § 2241 habeas corpus petition under § 2255(e)'s savings clause. (Id. at 12). The matter is before the Court for preliminary review under Rule 4(b), which requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rules Governing Section 2255 Proceedings, Rule 4(b). Movant's attempt to bring a § 2255

motion must be dismissed as successive, and his attempt to bring a § 2241 petition should be transferred to the appropriate United States District Court.

## I. Discussion

In November 2011, the Court denied Movant's original § 2255 motion, labeled by Movant as a § 2255 motion and filed December 23, 2010.  (First Mot. to Vacate, ECF No. 1284; Order, Nov. 15, 2011, ECF No. 1379; J., ECF No. 1380).  Movant has now filed another § 2255 motion.[1]  (Second Mot. to Vacate.)  To the extent that Movant wishes to file a § 2255 motion, his motion is a successive § 2255 motion which must be dismissed because the Court has no authority to consider it.  Movant first must get permission from the Eleventh Circuit Court of Appeals before a successive § 2255 motion can be filed in the district court.  See 28 U.S.C. § 2255(h); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).  A certificate of

---

[1] Movant asserts that the instant § 2255 motion should be considered his first § 2255 motion because the Court failed to give him a Castro v. United States, 540 U.S. 375, 383 (2003), "warning of recharacterization" in his first § 2255 proceedings. (Second Mot. to Vacate at 12).  Under Castro, a movant should be allowed an opportunity to amend or withdraw a post-judgment filing (that is not labeled as a § 2255 motion) before the court recharacterizes it as a first §2255 motion.  Id., 540 U.S. at 383.  Here, Movant himself labeled his first § 2255 motion as being brought under § 2255, and there was no recharacterization by the court of his pleadings. Accordingly, Movant's argument that his current motion should be considered as a first § 2255 motion fails.

appealability is not warranted because it is not debatable that Movant must obtain permission from the Eleventh Circuit Court of Appeals before filing another § 2255 motion in this Court.  See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11.

In his pleadings, Movant also states that § 2255 is inadequate and ineffective and asks the Court to "grant his § 2255(e)'s savings clause § 2241 Habeas Corpus."[2] (Second Mot. Vacate at 12).  A federal habeas corpus petition, 28 U.S.C. § 2241, must be brought in the United States District Court for the district in which a federal prisoner is incarcerated.  Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.").  When the Court lacks jurisdiction, under 28

---

[2] Movant currently is serving a life term of imprisonment based on his 2008 Racketeer Influenced and Corrupt Organizations Act (RICO) conspiracy conviction, his punishment having been enhanced under 18 U.S.C. § 1963(a) based on evidence that, as a juvenile, he committed the crime of murder, punishable under Georgia law by imprisonment for life.  (J., ECF No. 1051); see also United States v. Flores, 572 F.3d 1254, 1268-70 (11th Cir. 2009) (reviewing Movant's claim on his RICO sentence).  Movant's instant motion/petition raises a claim that his life term of imprisonment, based on a juvenile crime, is unconstitutional under Montgomery v. Louisiana, _ U.S. _, _, 136 S. Ct. 718, 732-36 (2016) (discussing "Court's line of precedent holding certain punishments disproportionate when applied to juveniles" and holding that prohibition on mandatory life without parole for juvenile offenders was a new substantive rule that must be applied retroactively).

3

U.S.C. § 1631, it "shall, if it is in the interest of justice, transfer [the] action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ."

Petitioner is confined in Inez, Kentucy, within the jurisdiction of the United States District Court for the Eastern District of Kentucky, the Pikeville Division.  To the extent that Petitioner intended to file a § 2241 petition, it is in the interest of justice to transfer this action to that court.

## II.   Conclusion

Accordingly,

**IT IS RECOMMENDED** that, to the extent this action is brought under § 2255, the § 2255 motion [1508] be **DISMISSED** and that a certificate of appealability be **DENIED**.

**IT IS FURTHER RECOMMENDED** that, to the extent this action is brought under § 2241, Movant's pleadings [1508] be **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky, the Pikeville Division, along with a copy of this Report and Recommendation and the Court's Order.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 8th day of June, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)